# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

Matthew Thomas Lester,

          Plaintiff,

v.

Minnesota Life Insurance Company,
*A Securian Company*,

          Defendant.

Civ. No. 15-3227 (PJS/BRT)

**REPORT AND RECOMMENDATION**

Matthew Thomas Lester, 636 Grand Ave, Apt 303, St. Paul, MN 55105, *pro se* Plaintiff.

Terrance J. Wagener, Esq., and Molly R. Hamilton Cawley, Esq., Messerli & Kramer P.A., counsel for Defendant.

BECKY R. THORSON, United States Magistrate Judge.

      Matthew Thomas Lester ("Lester") has filed a Complaint against Minnesota Life Insurance Company ("MLIC"), asserting breach of contract and other claims against MLIC regarding the life insurance policy issued by MLIC and held by Plaintiff's father at the time of his death. (Doc. No. 1, Compl.)[1] MLIC has moved for dismissal, asserting that Plaintiff's Complaint is barred on res judicata grounds and does not state a

---

[1] Plaintiff submitted both an Amended Complaint (Doc. No. 4) and a Second Amended Complaint (Doc. No. 5) prior to Defendant bringing a motion to dismiss in this case. The Amended Complaint is nearly identical to the original Complaint, and the Second Amended Complaint lists a few additional allegations. It appears Plaintiff would like these three pleadings viewed together as his Complaint. Because Plaintiff is *pro se*, this Court has viewed all three pleadings together as Plaintiff's Complaint, and refers to them jointly as Plaintiff's "Complaint" throughout this Report and Recommendation.

cognizable claim upon which relief can be granted. (Doc. No. 6, Def. Mot. to Dismiss; Doc. No. 8, Def. Memo. in Supp. of Mot. to Dismiss.) A hearing was held on Defendant's motion on November 17, 2015. (Doc. No. 20.) The matter has been referred to this Court for a Report and Recommendation pursuant to 28 U.S.C. § 636(b)(1)(A), (B), and (C). (Doc. No. 12.) For the reasons stated below, this Court agrees that Plaintiff's Complaint is barred by res judicata and therefore recommends that Defendant's Motion to Dismiss be granted.

## BACKGROUND

### I. Facts

Plaintiff is the son of Dr. Stephen Lester. (Doc. No. 4, Am. Compl. 6.) MLIC issued life insurance policy number 2379440 ("Policy") to Dr. Lester in December 2008. (Doc. No. 16, Aff. of Michael O'Leary in Supp. of Def.'s Mot. to Dismiss ("O'Leary Aff.") ¶ 3, Ex. A at 3.) The face value of the Policy was $5,000,000, and the Lester Family Irrevocable Trust ("Trust") was the primary beneficiary of the Policy. (*Id.* at 3, 21.) Plaintiff is one of the two surviving beneficiaries of the Trust. (Am. Compl. 6.) The Policy included an Aviation Risk Exclusion Rider ("Aviation Rider") limiting MLIC's liability to the greater of the premiums paid or the life insurance reserve if Dr. Lester died while piloting an aircraft. (O'Leary Aff. ¶ 3, Ex. A at 9.) According to Plaintiff, Dr. Lester did not know the Policy contained an Aviation Rider. (Am. Compl. 3–5.)

On September 5, 2009, Plaintiff's father, Dr. Lester, was piloting a plane that lost altitude and collided with a guide wire, causing the plane to crash. (Am. Compl. 2.) Dr. Lester, along with Plaintiff's mother and Plaintiff's two younger sisters, were

tragically killed in the crash. (*Id.* at 4.) Upon Dr. Lester's death, the Trustee of the Trust, Gentner Drummond, was responsible for collecting the life insurance benefits under the Policy. (*Id.* at 7.) The Trustee accepted $13,033.00 from MLIC as full payment of the benefits under the Policy based on the limited liability terms of the Aviation Rider. (O'Leary Aff. ¶¶ 4-5, Exs. B–C.) To allow Plaintiff to pursue claims against MLIC, the Trustee and Plaintiff's sister (as the other surviving beneficiary of the Trust) assigned to Plaintiff any legal rights, title, or interest of the Trust and the Estates of Plaintiff's deceased father, mother, and sisters, in any claim against MLIC. (Doc. No. 10, Aff. of Molly Hamilton Cawley in Supp. of Def.'s Mot. to Dismiss ("Cawley Aff.") ¶ 3, Ex. A-1 at 3–5.)[2]

## II.   Initial Lawsuit – *Lester v. Minnesota Life Insurance Company*, Court File No. 13-CV-443 (N.D. Okla. 2013) (Dismissed on February 3, 2014)

On July 22, 2013, Plaintiff filed a lawsuit against MLIC in the United States District Court for the Northern District of Oklahoma. (Cawley Aff. ¶ 3, Ex. A-1 at 1.) He asserted claims for breach of contract, fraud, deceit, bad faith, and emotional duress based on MLIC's failure to pay the face value of the Policy. (*Id.* at 2.) In that suit, Plaintiff argued that the Aviation Rider was not part of the Policy and that his father had never agreed to the Aviation Rider in writing. (*Id.*) MLIC filed a Motion to Dismiss

---

[2]   The WHEREAS clauses of the assignment include statements that Matthew T. Lester wishes to pursue a claim against Minnesota Life and the parties have agreed that it is in the best interest of the parties to assign without recourse all rights, title, and interest in the Lester Family Revocable Trust, the Estate of Stephen T. Lester, the Estate of Dana L. Lester, and Sarah Lester Kirby as to any claim against Minnesota Life, whether it has legal merit or not. (Cawley Aff. ¶ 3, Ex. A-1 at 3–5.)

under Federal Rules of Civil Procedure 9(b), 12(b)(1), and 12(b)(6) based on (1) Plaintiff's failure to state his fraud and deceit claims with particularity; (2) the Policy's valid and enforceable Aviation Rider under which the properly paid limited benefits were distributed; (3) the Trust's acceptance of full and final payment under the Policy, which precluded a breach of contract claim; and (4) the applicable statute of limitations under Oklahoma law, which barred Plaintiff's tort claims. (*Id.* at Ex. A-2.) Due to emotional distress caused by news articles discussing the fatal crash that were included in MLIC's documents, Plaintiff did not file a response to the motion. (Doc. No. 13, ("Pl.'s Mot.") 3–4, 5.)

The district court issued an order granting MLIC's motion to dismiss due to Plaintiff's failure to oppose the motion, but it also conducted an independent review of the merits. (Cawley Aff. ¶ 3, Ex. A-3.) The district court determined that the complaint failed to state any claim upon which relief could be granted. (*Id.* at 4–5.) The tort claims were dismissed with prejudice because they were not assigned to Plaintiff, he lacked standing to assert them, they were time-barred under Oklahoma's two-year statute of limitations, and the complaint failed to plead sufficient facts to state a plausible tort claim against MLIC. (*Id.* at 5.) The district court dismissed the breach-of-contract claim without prejudice, because it was not clear from the pleadings whether Plaintiff could state such a claim. (*Id.* at 5–6.) Plaintiff was given fourteen days to file an amendment to his complaint to plead any viable claims. (*Id.* at 6.) He did not do so, and final judgment of dismissal was entered on February 3, 2014. (Cawley Aff. ¶ 3, Exs. A-3 and A-4.)

4

### III. Second Lawsuit – *Lester v. Minnesota Life Insurance Company*, Court File No. 14-CV-522 (N.D. Okla. 2014) (Dismissed on November 3, 2014)

Plaintiff filed a second lawsuit against MLIC on August 29, 2014 in the United States District Court for the Northern District of Oklahoma. (Cawley Aff. ¶ 4, Ex. B-1.) Plaintiff again pleaded a breach-of-contract claim based on MLIC's failure to pay the face value of the Policy pursuant to the Aviation Rider. (*Id.* at 2–3, 7.) MLIC brought a motion to dismiss pursuant to Rule 12(b)(1) and 12(b)(6), arguing that the breach-of-contract claim was barred by claim preclusion. (Cawley Aff. ¶ 4, Ex. B-2 at 5–6.) MLIC also asserted that the breach-of-contract claim failed because Plaintiff lacked standing, MLIC had already paid benefits in accordance with the Aviation Rider, and the Trustee's acceptance of the funds constituted an accord and satisfaction barring Plaintiff's claims. (*Id.* at 7–9.) Plaintiff did not submit a response to MLIC's motion to dismiss. (Cawley Aff. ¶ 4, Ex. B-3 at 1.) On November 3, 2014, the district court granted MLIC's motion to dismiss on res judicata grounds and entered final judgment of dismissal. (Cawley Aff. ¶ 4, Exs. B-3 and B-4.)

### IV. This Lawsuit

Plaintiff filed the current lawsuit against MLIC on August 6, 2015. (Doc. No. 1, Compl.) He asserts numerous claims, including breach of contract, fraud, unethical conduct, and bad faith, seeking to recover $5,000,000, plus interest and damages. (Am. Compl. 6.) Similar to the prior two lawsuits, the underlying basis for all of his claims is that MLIC did not pay the Policy's face value upon Dr. Lester's death. (*See id.* at 7.)

## DISCUSSION

A motion to dismiss based on principles of res judicata is properly brought under Federal Rule of Civil Procedure 12(b)(6). *C.H. Robinson Worldwide, Inc. v. Lobrano*, 695 F.3d 758, 763–64 (8th Cir. 2012). On a Rule 12(b)(6) motion to dismiss, this Court accepts as true the facts alleged in the complaint and construes all reasonable inferences in the light most favorable to plaintiff. *See Butler v. Bank of America, N.A.*, 690 F.3d 959, 961 (8th Cir. 2012). Federal Rule of Civil Procedure 8(a)(2) requires a complaint to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." To satisfy the notice-pleading standard, a plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). That is, the plaintiff must "plead[ ] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

Generally, in considering a motion to dismiss, a court may not consider matters outside the pleadings. *Porous Media Corp. v. Pall Corp.*, 186 F.3d 1077, 1079 (8th Cir. 1999). A court may make exceptions for matters of public record, judicial orders, documents necessarily embraced by the pleadings, and exhibits attached to the pleadings, as long as those documents do not conflict with the allegations made in the complaint. *Id.*; *see also C.H. Robinson Worldwide*, 695 F.3d at 764 (stating that with particular respect to res judicata, a court may consider not only facts alleged in the complaint but also public records and materials embraced by the complaint). Here, this Court has

6

considered the factual allegations of Plaintiff's Complaints, as well as the public records summarized above.

Res judicata, also known as claim preclusion, prohibits "repetitious suits involving the same cause of action" once "a court of competent jurisdiction has entered a final judgment on the merits." *Comm'r of Internal Revenue v. Sunnen*, 333 U.S. 591, 597 (1948). "The law of the forum that rendered the first judgment controls the res judicata analysis." *St. Paul Fire & Marine Ins. Co. v. Compaq Computer Corp.*, 539 F.3d 809, 821 (8th Cir. 2008) (citing 28 U.S.C. § 1738); *see also Taylor v. Sturgell*, 553 U.S. 880, 891 n.4 (2008) ("For judgments in diversity cases, federal law incorporates the rules of preclusion applied by the State in which the rendering court sits."). In the present action, a federal court in Oklahoma rendered the first judgment applying Oklahoma state law. Thus, the rules of preclusion applied by courts in the state of Oklahoma are determinative.

Under Oklahoma state law, claim preclusion requires meeting three elements: (1) the same subject matter, parties (or their privies), capacities of the parties, and causes of actions in the prior litigation; (2) the prior litigation was before a court of competent jurisdiction; and (3) the prior litigation must have been concluded by a judgment on the merits of the case. *Carris v. John R. Thomas and Assocs., P.C.*, 896 P.2d 522, 527 (Okl. 1995); *see also Erwin v. Frazier*, 786 P.2d 61, 64 (Okla. 1989) (stating that res judicata acts as a claim preclusion to bar a party's relitigation of issues that were or could have been litigated in a previous action and which resulted in a final judgment on the merits). "In other words, 'where the cause of action in the second suit is the same as that in the

7

first suit, a final judgment in the first suit on the merits is a complete bar to the maintenance of the second . . . .'" *Id.* (quoting *Bruce v. Miller*, 360 P.2d 508, 511 (Okla. 1961)); *see also Taylor*, 553 U.S. at 892 ("Under the doctrine of claim preclusion, a final judgment forecloses 'successive litigation of the very same claim, whether or not relitigation of the claim raises the same issues as the earlier suit.'" (quoting *New Hampshire v. Maine*, 532 U.S. 742, 748 (2001))).

This case is nearly identical to the first two actions brought by Plaintiff in Oklahoma. The parties are the same—Lester has been the Plaintiff and MLIC has been the Defendant in all three actions. (Cawley Aff. ¶¶ 3–4, Exs. A-1 at 1 and B-1 at 1; Am. Compl. 2.) The claims presented by Plaintiff are almost identical (*i.e.*, breach of contract, fraud, unethical conduct, and bad faith). And all three cases are based on the same facts and factual contentions regarding the subject of MLIC's payment of less than the face value of the Policy upon the death of Dr. Lester. (Cawley Aff. ¶¶ 3–4, Exs. A-1 at 2 and B-1 at 2–3, 7; Am. Compl. 6–8.) Thus, the first element is met.

The second and third elements are met as well. The District of Oklahoma was a court of competent jurisdiction—it had jurisdiction over the action in the same manner as this Court, because the parties were diverse and the amount in controversy exceeded $75,000.00. *See* 28 U.S.C. § 1332. And the District of Oklahoma entered final judgment on the first action, as recognized by the second action. (Cawley Aff. ¶ 4, Exs. B-3 and B-4); *see Fed. Dep't Stores v. Moitie*, 452 U.S. 394, 399 n.3 (1981) ("The dismissal for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6) is a 'judgment on

the merits.'").[3] Thus, the doctrine of res judicata applies to the present action. Although the circumstances of Plaintiff's father's death are tragic, this Court cannot reopen the issues that have already been determined by a competent court.

In response to Defendant's Motion to Dismiss, Plaintiff filed a "Rebuttal to Motion to Dismiss." (Doc. No. 13, Pl.'s Mot.) In this filing, Plaintiff lists multiple motions which contain his arguments in opposition to Defendant's motion and seek various relief.[4] Although all arguments were considered by this Court, the recommended disposition of Defendant's Motion to Dismiss renders the Plaintiff's motions moot. Thus, this Court recommends that Plaintiff's motions contained in his rebuttal be denied.

For the reasons set forth above, this Court recommends that MLIC's motion to dismiss be granted, Plaintiff's motions be denied, and Plaintiff's Complaint be dismissed with prejudice.

---

[3] Plaintiff is mistaken that res judicata does not apply because his first lawsuit was initially dismissed without prejudice. (Pl.'s Mot. 4.) Plaintiff's tort claims were dismissed with prejudice and any contract claims were dismissed without prejudice, with leave to amend within fourteen days. (Cawley Aff. ¶ 4, Ex. B-2.) No amended complaint was filed, and a judgment of dismissal of Plaintiff's claims was entered. (*Id.*) The court in the second lawsuit confirmed that the dismissal in the first lawsuit was a final judgment on the merits. (Cawley Aff. ¶ 4, B-3.)

[4] These motions include: "Motion to squash Defendant motion to Dismiss"; "Motion to not grant Defendant a motion to Dismiss"; "12 (c) Motion for Judgment on the Pleadings"; "12(e) Motion for a More Definite Statement"; and "12(f) Motion to Strike." (Pl.'s Mot. 2–4.)

## RECOMMENDATION

Based on the foregoing, and on all of the files, records, and proceedings herein,

**IT IS HEREBY RECOMMENDED** that:

1. Defendant's Motion to Dismiss (Doc. No. 6) be **GRANTED**;

2. Plaintiff's motions (Doc. No. 13) be **DENIED**; and

3. Plaintiff's Complaint (Doc. Nos. 1, 4, and 5) be **DISMISSED WITH PREJUDICE.**

Date: December 15, 2015

*s/ Becky R. Thorson*
BECKY R. THORSON
United States Magistrate Judge

## NOTICE

This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals. Under Local Rule 72.2(b)(1), a party may file and serve specific written objections to this Report by **December 29, 2015**. A party may respond to those objections within **fourteen days** after service thereof. LR 72.2(b)(2). All objections and responses must comply with the word or line limits set forth in LR 72.2(c).

Unless the parties stipulate that the District Court is not required by 28 U.S.C. § 636 to review a transcript of the hearing in order to resolve all objections made to this Report and Recommendation, the party making the objections shall timely order and file a complete transcript of the hearing within **ten days** of receipt of the Report.